Hand-Delivered

FILED
STATESVILLE, NC
OCT 0 1 2020
U.S. District Court
Western District of N.C.

"District Court of the United States"
Western District
Statesville, North Carolina

| | |
|---|---|
| **Curtis Edwin Leyshon,** *In propria persona,*<br>*Plaintiff,*<br><br>v.<br><br>**Michael Duncan,** individual and official Capacity; and,<br>**B. Carlton Terry,** individual and official capacity;<br>And,<br>**Pam Barlow,** individual and official capacity;<br>And,<br>**Matthew Levchuk,** individual and official Capacity,<br>*Defendants.* | Case No. **5:20cv157** |

## COMPLAINT

Comes Now, Curtis Edwin Leyshon, ("Leyshon") *in propria persona* with this Complaint against **Michael Duncan,** individual and official capacity; **and, B. Carlton Terry,** individual and official capacity; **and, Pam Barlow,** individual and official capacity; **and, Matthew Levchuk,** individual and official capacity—the "Defendants."

### Table of Contents

I. Jurisdiction of the "District Court of the United States" ......................................................... 2
   A. Inferior Courts of the United States Exercising the "judicial Power of the United States" Wherein Congress did "ordain and establish" Said Inferior Courts that Shall Extend to All Cases, in Law and Equity in the Judiciary Act of 1789 ............................................................. 4
   B. District Court of the United States Means Arising ONLY under Article III Sections 1 and 2 .............................................................................................................................................. 4
   C. Jurisdiction under 28 U.S.C. § 1331 ............................................................................... 5

| | |
|---|---|
| II. Jurisdiction of the Parties | 5 |
|    A. Curtis Edwin Leyshon | 5 |
|    B. Michael Duncan | 6 |
|    C. B. Carlton Terry | 6 |
|    D. Pam Barlow | 7 |
|    E. Matthew Levchuk | 7 |
|    F. NORTH CAROLINA | 7 |
| III. Facts | 9 |
| FIRST CAUSE OF ACTION | 11 |
| SECOND CAUSE OF ACTION | 12 |
| THIRD CAUSE OF ACTION | 12 |
| FOURTH CAUSE OF ACTION | 12 |
| FIFTH CAUSE OF ACTION | 12 |
| SIXTH CAUSE OF ACTION | 13 |
| SEVENTH CAUSE OF ACTION | 13 |
| EIGHTH CAUSE OF ACTION | 13 |
| NINTH CAUSE OF ACTION | 13 |
| TENTH CAUSE OF ACTION | 14 |
| ELEVENTH CAUSE OF ACTION | 14 |
| TWELVETH CAUSE OF ACTION | 14 |
| IV. Remedy | 14 |

## I. Jurisdiction of the "District Court of the United States"

Jurisdiction arises under the Article III Sections 1 and 2 of the Constitution of the United States exercising the "judicial Power of the United States," to wit:

> **Section 1.** The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. The Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behaviour, and shall, at stated Times, receive for their Services, a Compensation, which shall not be diminished during their Continuance in Office.
> **Section 2.** The judicial Power shall extend to all Cases, in Law and Equity,

arising under this Constitution, the Laws of the United States,

Jurisdiction is under the "Laws of the United States" in the Constitution of the United States Article VI Clause 2, to wit:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding

Jurisdiction is under 42 U.S.C. § 1983 for deprivation of rights, privileges and immunities including the denial of the right of "Due Process of Law;" and, the denial of the right "Assistance of Counsel;" and, the denial of the right of a bona fide "public Officer of the State of North Carolina:" and, making a violation out of a constitution right as held "A court must decide (1) whether the facts alleged or shows by the plaintiff make out a violation of a constitutional right," *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)[1]; and, held "[H]e will be subject to liability only when he acted in the 'clear absence of all jurisdiction' *Bradley v. Fisher, 13 Wall, 335, 351*(1978)" *Stump v. Sparkman*, 435 U.S. 349, 349, 356-357 (1978);[2] and, there are no elections in North Carolina, one of the several States, for "public Officers of North Carolina" as the current STATE OF NORTH CAROLINA only has elections for "citizens of the United States"[3] under the National Voter Registration Act of 1993 being only for "federal offices"[4] wherein North Carolina is a "State of the United State;[5]" and, there are no elections by

---

[1] *Saucier v. Katz*, 533 U.S. 194, 194 (2001).

[2] *Mileles v. Waco*, 502 U.S. 9 (1991).

[3] 52 U.S.C. § 205501(a).

[4] 52 U.S.C. § 20502(2) and 52 U.S.C. § 30101(3); and, 185 A.L.R. Fed. 155 (Originally published in 1984)

[5] 52 U.S.C. § 20502(4).

the "citizens of North Carolina" for any "public officers of North Carolina"[6] in North Carolina therein *flows a fortiori* there are no "public Officers of North Carolina" in North Carolina, being one of the several States; and, any person claiming any "public Office" or claiming to be a "public Officer of North Carolina" is "absence of all jurisdiction" *Stump v. Sparkman*, 435 U.S. 349, 349, 356-357 (1978).[7]

## A. Inferior Courts of the United States Exercising the "judicial Power of the United States" Wherein Congress did "ordain and establish" Said Inferior Courts that Shall Extend to All Cases, in Law and Equity in the Judiciary Act of 1789

As evidenced by **Judiciary Act of 1789, 1 Stat. 73-93** Congress did ordain and established two inferior Courts to the supreme Court of the States being the "District Court of the United States" and the "Circuit Court of the United States" to exercise "common law" and "equity" *passim in* **the Judiciary Act of 1789."**

## B. District Court of the United States Means Arising ONLY under Article III Sections 1 and 2.

1. In *Wells, et al. v. United States et al.*, 214 F.2d 380, 382 (5th Cir. 1954), to wit:

Not content with this negative defense, the United States, taking the affirmative, conclusively demonstrates, we think, that by Section 1346, 'United States as Defendant', under the provisions of which appellants seek to maintain their suit, the United States has consented to waive its sovereign immunity from suit and permit actions to be brought against it for the recovery of internal revenue taxes only in the Court of Claims and in the district courts; and that, as used in Title 28, the **term 'district courts' means only those courts which are created under Article III of the Constitution** and which are constituted by Chapter 5 of Title 28. **FN6.**

**FN6.** *Mookini v. United States*, 303 U.S. 201 (1938); *International Longshoremen's, Etc., Union v. Wirtz*, 9 Cir., 170 F.2d 183 (1948); *Reese v. Fultz*, 96 F.Supp. 449(D.C. Territory of Alaska 1951); 28 U.S.C., Section 451, Appendix, infra.

In *Mookini et al. v. United States*, 303 U.S. 201, 205 (1938) clearly holds that "District

---

[6] 185 A.L.R. Fed. 155 (Originally published in 1984)

[7] *Mileles v. Waco*, 502 U.S. 9 (1991).

Courts of the United States" only are constitutional courts arising under Article III only, to wit:

> The term **'District courts of the United States,'** as used in the rules, without an addition expressing a wider connotation, has its historic significance. **It describes the constitutional courts created under article 3 of the Constitution. Courts of the Territories are legislative courts**, properly speaking, and **are not District courts of the United States**. We have often held that vesting a territorial court with jurisdiction similar to that vested in the District courts of the United States **does not make it a 'District court of the United States.'** *Reynolds v. United States*, 98 U.S. 145, 154 (1878); *The City of Panama*, 101 U.S. 453, 460 (1879); *In re Mills*, 135 U.S. 263, 268 (1941); *McAllister v. United States*, 141 U.S. 174, 182 (1891); *Stephens v. Cherokee Nation*, 174 U.S. 445, 476, 477 (1899); *Summers v. United States*, 231 U.S. 92, 101, 102 (1913); *United States v. Burroughs*, 289 U.S. 159, 163 (1933). Not only did the promulgating order use the term District courts of the United States in its historic and proper sense, but the omission of provision for the application of the rules to the territorial courts and other courts mentioned in the authorizing act clearly shows the limitation that was intended.

## C. Jurisdiction under 28 U.S.C. § 1331

Jurisdiction is under 28 U.S.C. § 1331.

## II. Jurisdiction of the Parties

### A. Curtis Edwin Leyshon

**Curtis Edwin Leyshon** is a "citizen of North Carolina" domiciled in North Carolina, being one of the several States evidenced by **Attachment 1—Certificate of Political Status, Citizen Status and Allegiance filed in Public Record of "Register of Deeds, Watauga Co., NC" in Bk 1818 pg. 244 (4)** self-authenticating under Evidence Rule 901(7).

**Curtis Edwin Leyshon** is a "National of the United States" owing allegiance to the United States as codified in as defined in 8 U.S.C. § 1101(a)(22)(B) "(22) **the term "national of the United States" means** [(A) a citizen of the United States,] **or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States**."

**Curtis Edwin Leyshon** is not a "citizen of the United States" as defined in "National of the United States" in 8 U.S.C. § 1101(a)(22)(A), *ibid.*, wherein in 8 U.S.C. § 1101(a)(22)—it is either (A) **OR** (B).

**Curtis Edwin Leyshon** is not a "citizen of the United States" as used in the Civil Rights Act of 1866, being 14 Stat. 27, and the Revised Statutes of 1878 Title XXI which is codified today in 42 U.S.C. §§ 1981, 1982 and 1988 (Revised Statutes of Title XXIV) or any other Acts of Congress.

**Curtis Edwin Leyshon** can take on the "**character**"[8] of a "citizen of the United States" in 42 U.S.C.§ 1983 lawsuits.

## B. Michael Duncan

**MICHAEL DUNCAN** is a "citizen of the United States" and a resident of **"NORTH CAROLINA."**

**MICHAEL DUNCAN** is a" National of the United States" and does NOT owe permanent allegiance to the United States as codified in as defined in 8 U.S.C. § 1101(a)(22)(A) "(22) **the term "national of the United States" means** (A) **a citizen of the United States, or** [(B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States."]

## C. B. Carlton Terry

**B. CARLTON TERRY** is a "citizen of the United States" and a resident of **"NORTH CAROLINA."**

**B. CARLTON TERRY** is a" National of the United States" and does NOT owe permanent allegiance to the United States as codified in as defined in 8 U.S.C. § 1101(a)(22)(A)

---

[8] *Colgate v. Harvey*, 296 U.S. 404, 429-430 (1935), to wit:
We agree * * * that there are privileges and immunities belonging to citizens of the United States, in that relation and **character**, and that it is these and these alone which a State is forbidden to abridge.' The governments of the United States and of each of the several states are distinct from one another. The rights of a citizen under one may be quite different from those which he has under the other. To each he owes an allegiance; and, in turn, he is entitled to the protection of each in respect of such rights as fall within its jurisdiction. *United States v. Cruikshank*, 92 U.S. 542, 549, 23 L.Ed. 588. * * * **This results from the essential character of national citizenship.** Cf. *In re Kemmler*, 136 U.S. 436, 448, 10 S.Ct. 930, 34 L.Ed. 519; *Duncan v. Missouri*, 152 U.S. 377, 382, 14 S.Ct. 570, 38 L.Ed. 485; *In re Quarles and Butler*, 158 U.S. 532, 536, 15 S.Ct. 959, 39 L.Ed. 1080; *United States v. Cruikshank*, supra, 92 U.S. 542, at page 552, 23 L.Ed. 588.

"(22) <u>the term "national of the United States" means</u> (A) **a citizen of the United States, or** [(B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States."]

### D. Pam Barlow

**PAM BARLOW** is a "citizen of the United States" and a resident of **"NORTH CAROLINA."**

**PAM BARLOW** is a" National of the United States" and does NOT owe permanent allegiance to the United States as codified in as defined in 8 U.S.C. § 1101(a)(22)(A) "(22) <u>the term "national of the United States" means</u> (A) **a citizen of the United States, or** [(B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States."]

### E. Matthew Levchuk

**MATTHEW LEVCHUK** is a "citizen of the United States" and a resident of **"NORTH CAROLINA."**

**MATTHEW LEVCHUK** is a" National of the United States" and does NOT owe permanent allegiance to the United States as codified in as defined in 8 U.S.C. § 1101(a)(22)(A) "(22) <u>the term "national of the United States" means</u> (A) **a citizen of the United States, or** [(B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States."]

### F. NORTH CAROLINA

The entity **"NORTH CAROLINA"** is a **"State of the United States"** as defined in National Voter Registration Act of 1993 codified in 52 U.S.C. § 20502(4).

The entity **"NORTH CAROLINA"** only has elections for "citizens of the United States"[9] under the National Voter Registration Act of 1993.

---

[9] 52 U.S.C. § 205501(a).

The entity "**NORTH CAROLINA**" does not have any elections in North Carolina, one of the several States, for "public Officers of North Carolina" as the current **STATE OF NORTH CAROLINA** only has elections under the National Voter Registration Act of 1993 being only for "federal offices."[10]

The entity "**NORTH CAROLINA**" has no elections by the "citizens of North Carolina" for any "public officers of North Carolina"[11] in North Carolina therein *flows a fortiori* there are no "public Officers of North Carolina" in North Carolina, being one of the several States.

The entity "**NORTH CAROLINA**" is a "State of North Carolina is a sovereign state of the United States of America."[12]

---

[10] 52 U.S.C. § 20502(2) and 52 U.S.C. § 30101(3); and, 185 A.L.R. Fed. 155 (Originally published in 1984)

[11] 185 A.L.R. Fed. 155 (Originally published in 1984).

[12] *Commonwealth of Pennsylvania, et al. v. United States of Department of Education*, Complaint, No. 20-CV-1719 (USDC, D.C. 2020); *Commonwealth of Pennsylvania, et al. v. United States Department of Education, United States of America*, Complaint for Declaratory and Injunctive Relief, No. 1:20-cv-1468 (USDC,D.C. 2020); *State of California 1300, et al. v. United States Department of Transportation, et al.*, First Amended And Supplemented Complaint for Declaratory and Injunctive Relief, 1:19-cv-2826 (USDC,D.C. 2019); *State of California, et al. v. United States Department of Transportation*, Complaint for Declaratory and Injunctive Relief, 1:19-cv-2856; *State of California et al. v. Trump*, Complaint for Declaratory and Injunctive Relief, 3-17-cv-5895 (USDC,N.D.Ca. 2017); *National Football League v. State of North Carolina*, Complaint, 15 CVS 5451 (Superior.Ct.N.C. 2015); *McCrory, et al. v. Berger*, Complaint for Declaratory Judgment, Injunctive Relief and Relief in the Nature of a Quo Warranto, 14CV15201 (Superior.Ct.N.C. 2014); *North Carolina Association of Educators, Inc. et al. v. The State of North Carolina*, Complaint, 13CV16240 (Superior.Ct.N.C. 2013); *Bank of America Home Loans, et al. v. Arvizu*, Answer and Counter Claim, *et seq.*, No. 13CV921, (USDC, M.D.N.C. 2013); *State of North Carolina v. Tennessee Valley Authority*, Complaint, 1:06CV20 (USDC, W.D.N.C. 2006); *State of New York, et al. v. Godman*, Answer, 05 Civ. 7807 (USDC, S.D.N.Y. 2005); *Fuss v. State of North Carolina et al.*, Complaint, No. 05CV585 (USDC, M.D.N.C. 2005); *Stone et al. v. The State of North Carolina et al.*, First Amendment Complaint *et seq.*, No. 02 CVS 7931, (SuperiorCt.N.C. 2004).

The entity "**NORTH CAROLINA's**" government (sic) is not "one of the several States" currently.

### III. Facts

1. On September 24, 2012 Leyshon was charged in Ashe County with Failing to Wear a Seatbelt.

2. At the April 18, 2013 hearing before Judge Jeannie Houston, when all the other cases were heard and the courtroom was empty of all people except Leyshon, the officer involved in this case, and other court personnel, Leyshon was called to the front.

3. Judge Jeannie Houston did not enter any paperwork for her charge of contempt of court. General Statute § 5A-14 requires "the judicial official must....find facts supporting the summary imposition of measures in response to contempt."

4. Leyshon was arrested for contempt of court for not pleading and while in jail Leyshon gave notice of appeal.

5. When Leyshon went to Superior Court to fight the charge it was dismissed.

6. On August 8, 2013 Clerk of Court, Pam Barlow, refused to issue subpeonas though required by law and her sworn duty to do so. On August 21, 2013 Leyshon filed a motion to dismiss because the clerk refused to issue subpoenas as required by law and her sworn oath.

7. At the December 19, 2013 court hearing the motion to dismiss for failing to issue subpoenas was heard and denied by Judge Michael Duncan. Judge Duncan proceeded to trial for Leyshon without him having opportunity to compel testimony for his defense. Leyshon was found guilty in this trial although he was denied his right of speedy trial, to be informed of nature and cause, to have compulsory process, and his right to own property.

8. On January 21, 2014 Leyshon was sent a letter from Pam Barlow giving him notice he could not come back to the Clerk's office. She has absolutely no authority to forbid anyone from

Complaint                 Page 9 of 15
Case 5:20-cv-00157-KDB-DCK    Document 1    Filed 10/01/20    Page 9 of 15

coming to a public office unless she makes a showing/proves they committed an illegal act in her office as held in *State v. Winston*, 45 N.C.App. 99, 262 S.E.2d 331 and *State v. Marcoplos*, 154 N.C.App. 581, 572 S.E.2d 820.

9. On February 10, 2014 Judge Duncan notified Leyshon by letter he would not be answering the MAR although the law requires him to do that.

10. On February 18, 2014, Leyshon went to the Clerk's office to carry on his business and Leyshon was arrested and put in jail for 2nd degree trespassing.

11. On or about May 22, 2014 Leyshon was tried for second degree trespassing before Judge Fritz Mercer (judge). At this trial Leyshon was denied his right to counsel, his right to be informed of nature and cause, his right to be informed of the permissible range of punishment, his right to compulsory process, and his right to be informed of exculpatory evidence. Leyshon was found guilty by the judge.

12. On June 5th, 2014 Leyshon filed his MAR for this trespassing case.

13. On September 2, 2014, the order was signed by Judge Duncan and was entered on September 3, 2014 at the clerk's office.

14. Leyshon filed his second MAR on September 18, 2014 to address the non-existence of facts and law contained in the order.

15. On July 14, 2016, the seatbelt order mailed to Leyshon in January, 2016 was signed by Judge Byrd and the case was sent to Superior Court. Leyshon filed a third MAR about July 28, 2016.

16. On February 6, 2017 Leyshon was summoned to a hearing in Superior before Judge Patrice Hinnant and the case was continued. At the March 27, 2017 hearing, again before Judge Hinnant, the State, after four and one half years, dismissed the case.

17. Pursuant to an Order entered by the Honorable David V. Byrd on October 19, 2018, for Leyshon's 3rd or 4th MAR striking the guilty conviction for 2nd degree trespassing and calendaring the matter for trial in the District Court.

18. At the February 14, 2019 hearing judge Terry refused to inform Leyshon of the nature of the charge and the nature of the proceeding. Leyshon was instead held in contempt of court for not waiving or asserting his right to counsel. Leyshon appealed and had to post a $1500 bond.

19. On May 2nd, 2019 Leyshon was retried for 2nd degree trespassing before Terry, found guilty, and the judge ruled prayer for judgement continued and remitted the cost so Leyshon could not appeal and that is where this case stands.

20. At 3 hearings held May 20-21, 2019 before Judge Duncan he refused to inform Leyshon of the nature of the proceeding and the nature of the charge and for the Judge Duncan ruled Leyshon forfeited his right to counsel.

21. At the August 26-27, 2017 trial Leyshon again was convicted of contempt of court for not waiving or asserting his right to counsel.

22. To date the court has not shown authority to prosecute Leyshon for his right to counsel though it is required by statute to address constitutional issues raised in 3 Motions for Appropriate Relief.

23. The use of "Defendants" have varying culpability therein **Leyshon WILL NOT attempt to distinguish the specific actions to a specific "Defendant" as they are unknown at the present time.**

## FIRST CAUSE OF ACTION

The Plaintiff **Curtis Edwin Leyshon** repleads the facts and allegations contained in Paragraphs, *supra.*, that the Defendants have proceeded against **Curtis Edwin Leyshon** in "clear absence of all jurisdiction" of any "judicial Power of North Carolina" with North Carolina, being

one of the several States.

## SECOND CAUSE OF ACTION

The Plaintiff **Curtis Edwin Leyshon** repleads the facts and allegations contained in Paragraphs, *supra.*, that the Defendants have proceeded against **Curtis Edwin Leyshon** in "clear absence of all jurisdiction" as none of the Defendants are "public Officers of the State of North Carolina" with North Carolina, being one of the several States.

## THIRD CAUSE OF ACTION

The Plaintiff **Curtis Edwin Leyshon** repleads the facts and allegations contained in Paragraphs, *supra.*, that the Defendants have proceeded against **Curtis Edwin Leyshon** in "clear absence of all jurisdiction" as all of the "Defendants" are "citizens of the United States" and residents of **"NORTH CAROLINA."**

## FOURTH CAUSE OF ACTION

The Plaintiff **Curtis Edwin Leyshon** repleads the facts and allegations contained in Paragraphs, *supra.*, that the Defendants have proceeded against **Curtis Edwin Leyshon** in "clear absence of all jurisdiction" wherein all of the "Defendants" have knowledge that there are NO elections by any "citizens of North Carolina" for "public Officers of North Carolina.

## FIFTH CAUSE OF ACTION

The Plaintiff **Curtis Edwin Leyshon** repleads the facts and allegations contained in Paragraphs, *supra.*, that the Defendants have proceeded against **Curtis Edwin Leyshon** in "clear absence of all jurisdiction" wherein all of the "Defendants" proceeded against **Curtis Edwin Leyshon** denying Curtis Edwin Leyshon "Due Process of Law" arising under the Laws of the United States and Laws of North Carolina, with North Carolina being one of the several States.

## SIXTH CAUSE OF ACTION

The Plaintiff **Curtis Edwin Leyshon** repleads the facts and allegations contained in Paragraphs, *supra.*, that the Defendants have proceeded against **Curtis Edwin Leyshon** in "clear absence of all jurisdiction" wherein all of the "Defendants" made a violation out of a constitution right to have "Assistance of Counsel."

## SEVENTH CAUSE OF ACTION

The Plaintiff **Curtis Edwin Leyshon** repleads the facts and allegations contained in Paragraphs, *supra.*, that the Defendants have proceeded against **Curtis Edwin Leyshon** in "clear absence of all jurisdiction" wherein all of the "Defendants" made a violation out of a constitution right wherein **Curtis Edwin Leyshon** was denied the right to be informed of nature and cause, being the "essential elements" of alleged offense; and, his right to be informed of the permissible range of punishment, his right to compulsory process, and his right to be informed of exculpatory evidence.

## EIGHTH CAUSE OF ACTION

The Plaintiff **Curtis Edwin Leyshon** repleads the facts and allegations contained in Paragraphs, *supra.*, that the Defendants have proceeded against **Curtis Edwin Leyshon** in "clear absence of all jurisdiction" wherein all of the "Defendants" made a violation out of a constitutional right wherein **Curtis Edwin Leyshon** was denied being informed of the permissible range of punishment for the alleged offense.

## NINTH CAUSE OF ACTION

The Plaintiff **Curtis Edwin Leyshon** repleads the facts and allegations contained in Paragraphs, *supra.*, that the Defendants have proceeded against **Curtis Edwin Leyshon** in "clear absence of all jurisdiction" wherein all of the "Defendants" made a violation out of a constitution right wherein **Curtis Edwin Leyshon** was denied being informed that none of the Defendants

were "public officers of North Carolina" with North Carolina, being one of the several States.

## TENTH CAUSE OF ACTION

The Plaintiff **Curtis Edwin Leyshon** repleads the facts and allegations contained in Paragraphs, *supra.*, that the Defendants have proceeded against **Curtis Edwin Leyshon** in "clear absence of all jurisdiction" wherein all of the "Defendants" made a violation out of a constitutional right wherein **Curtis Edwin Leyshon** deprived of Due Process of Law to have a final judgment that could be appealed.

## ELEVENTH CAUSE OF ACTION

The Plaintiff **Curtis Edwin Leyshon** repleads the facts and allegations contained in Paragraphs, *supra.*, that the Defendants have proceeded against **Curtis Edwin Leyshon** in "clear absence of all jurisdiction" wherein all of the "Defendants" made a violation out of a constitutional right wherein **Curtis Edwin Leyshon** was denied Due Process of Law to have Motions for Appropriate Relief Answered according to the precedents in North Carolina Case law..

## TWELVETH CAUSE OF ACTION

The Plaintiff **Curtis Edwin Leyshon** repleads the facts and allegations contained in Paragraphs, *supra.*, that the Defendants have proceeded against **Curtis Edwin Leyshon** in "clear absence of all jurisdiction" wherein all of the "Defendants" made a violation out of a constitutional right wherein **Curtis Edwin Leyshon** was denied Due Process of Law to have the exculpatory evidence provided that the Defendants were NOT "public officers of the State of North Carolina" with North Carolina being one of the several States.

## IV. Remedy

**WHEREFORE,** the Plaintiff **Curtis Edwin Leyshon** seeks and prays for a judgment and damages as follows:

A). Compensatory Damages in the Amount to be determined from each Defendant by the Court; and,

B) General Damages in the Amount determined by the Court; and,

C) Special Damages in the amount of three times the amount illegally and unlawfully money spent on bonds, the days unlawfully and illegally incarcerated in "clear absence of all jurisdiction" and the loss of all of the funds from being at work wherein I was dealing with the *ultra* vires actions of the Defendants by **Curtis Edwin Leyshon** with over eight years of extreme stress knowing that I was unlawfully at the whim of the Defendants devoid of any constitutional Law of the "North Carolina" or of the "United States."

D) **Punitive damages as follows:**

**MICHAEL DUNCAN —$1,000,000.00; and,**

**B. CARLTON TERRY—$1,000,000.00; and,**

**PAM BARLOW—$1,000,000.00; and,**

**MATTHEW LEVCHUK—$1,000,000.00.**

E. All other just relief as the Court may deem appropriate.

Dated this 1st of October, 2020

My Hand,

*Curtis E. Leyshon*

Complaint                              Page 15 of 15
Case 5:20-cv-00157-KDB-DCK   Document 1   Filed 10/01/20   Page 15 of 15