"DISTRICT COURT OF THE UNITED STATES"
"WESTERN DISTRICT OF NORTH CAROLINA"

FILED
STATESVILLE, NC
NOV 16 2020
U.S. District Court
Western District of N.C.

| | |
|---|---|
| **Curtis Edwin Leyshon** ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> **MICHAEL DUNCAN, individually and official** ) <br> **capacity; and,** ) <br> **B. CARLTON TERRY, individual and** ) <br> **official capacity; and,** ) <br> **PAM BARLOW, individual and official** ) <br> **capacity; and,** ) <br> **MATHEW LEVCHUK individual and official** ) <br> **capacity,** ) <br> ) <br> *Defendants,* ) <br> ) | Case No.: 5:20-cv-00157-KDB-DCK |

## MOTION FOR SANCTIONS FOR BAD FAITH OF DEFENDANT'S REPRESENTATIVE ELIZABETH O'BRIAN AT THE REQUIRED SETTLEMENT CONFERENCE

Comes Now, **Curtis Edwin Leyshon**, *in propria persona*, ("**Leyshon**") with this **MOTION FOR SANCTIONS FOR THE BAD FAITH OF DEFENDANT'S REPRESENTATIVE ELIZABETH O'BRIAN AT THE REQUIRED SETTLEMENT CONFERENCE** ("**Conference**") Bad Faith of Defendant's Representative **ELIZABETH O'BRIAN** ("**O'BRIAN**") in the discussions by phone Monday, November 2, 2020. Rule 16 of the Federal Rules of Civil Procedure under purposes of pretrial conferences authorizes the conference for (a)(1) expediting disposition of the action and (a)(5) "facilitating settlement".

**O'BRIAN** had 30 days from the service of the **Complaint** to familiarize herself with the facts and the law at issue in the **Complaint** for the **Conference**. In the content of the telephone call conference with **O'BRIAN** on the issue of the **Conference, O'BRIAN** never offered any

"DISTRICT COURT OF THE UNITED STATES"
"WESTERN DISTRICT OF NORTH CAROLINA"

FILED
STATESVILLE, NC
NOV 16 2020
U.S. District Court
Western District of N.C.

**Curtis Edwin Leyshon** )
)
*Plaintiff,* )
)
v. )
)
**MICHAEL DUNCAN, individually and official** )    Case No.: 5:20-cv-00157-KDB-DCK
**capacity; and,** )
**B. CARLTON TERRY, individual and** )
**official capacity; and,** )
**PAM BARLOW, individual and official** )
**capacity; and,** )
**MATHEW LEVCHUK individual and official** )
**capacity,** )
)
*Defendants,* )
)

## MOTION FOR SANCTIONS FOR BAD FAITH OF DEFENDANT'S REPRESENTATIVE ELIZABETH O'BRIAN AT THE REQUIRED SETTLEMENT CONFERENCE

Comes Now, **Curtis Edwin Leyshon**, *in propria persona*, ("**Leyshon**") with this **MOTION FOR SANCTIONS FOR THE BAD FAITH OF DEFENDANT'S REPRESENTATIVE ELIZABETH O'BRIAN AT THE REQUIRED SETTLEMENT CONFERENCE** ("**Conference**") Bad Faith of Defendant's Representative **ELIZABETH O'BRIAN** ("**O'BRIAN**") in the discussions by phone Monday, November 2, 2020. Rule 16 of the Federal Rules of Civil Procedure under purposes of pretrial conferences authorizes the conference for (a)(1) expediting disposition of the action and (a)(5) "facilitating settlement".

**O'BRIAN** had 30 days from the service of the **Complaint** to familiarize herself with the facts and the law at issue in the **Complaint** for the **Conference**. In the content of the telephone call conference with **O'BRIAN** on the issue of the **Conference, O'BRIAN** never offered any

fact issues or any law issues, no precedence, no reason, or excuse that was contrary to the contents of the pleadings in the **Complaint**.

In *Karahuta v. Boardwalk Regency Corp.*, 2007 WL 2825722, (E.D.Pa. 2007) Not Reported in F.Supp.2d, 2007, to wit:

> Of particular import, we find the following persuasive:
> <u>**If a settlement is possible, it is imperative that both plaintiff and defendant arrive at a settlement conference with an open mind and a genuine willingness to meaningfully discuss the strengths and weaknesses of each party's case. Defendant did not do this and attended the settlement conference in bad faith.**</u> Defendant brought a corporate representative to the conference with limited or capped settlement authority who was likely unable to make an objective evaluation of the disputed issues and the true value of the case.
>
> ...
>
> <u>**Defendant did not notify the Court beforehand that a settlement conference at this time would be a futile act, thereby wasting the limited time, financial resources and energies of the Court and Plaintiff**</u> [at the settlement conference].

In *Pitman v. Brinker Intern., Inc*, 216 F.R.D. 481, 484, 485 (USDC,Ariz. 2003), to wit:

> The court in *Lockhart* stated that "[t]he authority of a federal court to order attendance of attorneys, parties, and insurers at settlement conferences and to **impose sanctions for disregard of the court's orders is so well established as to be beyond doubt.**" *Lockhart*, 115 F.R.D. at 45. [*Lockhart v.* Patel, 115 F.R.D. 44 (E.D.Jy. 1987)] This affirms the notion that **meaningful and productive settlement conferences are vital to the judicial process in assisting district courts in managing their heavy case load. The failure of a party to obey a court's order absent showing good cause warrants sanctions.** Accordingly, the court in *Lockhart* struck the defendant's answer and declared him in default. * * *
>
> The purpose of a **settlement conference** is to facilitate a settlement or to narrow the disparity between the parties by the candid input of a neutral, disinterested judicial officer. Settling cases prior to the filing and resolution of dispositive *motions benefits the court and the parties by reaching a just, speedy and* inexpensive determination of an action consistent **with Rule 1, FED.R.CIV.P**. If a settlement is possible, **it is imperative that both plaintiff and defendant arrive at a settlement conference with an open mind and a genuine willingness to meaningfully discuss the strengths and weaknesses of each party's case. Defendant did not do this and attended the settlement conference in <u>bad faith.</u>**

In the content of the phone call **O'BRIAN** in the required **Conference** discussed nothing. **O'BRIAN** heard **Leyshon's** argument and had the **Complaint for 30 days to prepare for the Conference,** but at no point did **O'BRIAN** offer even ONE substantive objection concerning the **Complaint** other than that **Leyshon's Complaint** was all "without merit." **Leyshon's** averments and Issues in the **Complaint** were not his thoughts or opinions. Every allegation in the complaint is cited to some authority or precedence that substantiates the allegation. If there is an error in **Leyshon's** accusations, facts or issues of law, therein *flows a fortiori* that **O'BRIAN**, according to Rule 16 and *Karahuta* and *Pitman, supra*, should proffer and "<u>**meaningfully discuss the strengths and weaknesses of each party's case**</u>".[1]

As stipulated, plead in the **Complaint** and supported by the **Verified Affidavit,** *infra.*, **O'BRIAN** offered and discussed nothing. And further, as Pronounced in *Karahuta, supra,* **O'BRIAN** "<u>**did not notify the Court beforehand that a settlement conference at this time would be a futile act, thereby wasting the limited time, financial resources and energies of the Court and Leyshon**</u>"[2] as required. **O'BRIAN** is required to "<u>**arrive at a settlement conference with an open mind and a genuine willingness to meaningfully discuss the strengths and weaknesses of each party's case.**</u>"[3]

Rule 16(f)(1)(B) authorizes sanctions for any party that "<u>**is substantially unprepared to participate—or does not participate in good faith**</u>"[4]--in the conference. My attached **Verified**

---

[1] See also *Pitman v. Brinker Intern., Inc*, 216 F.R.D. 481, 484, 485 (USDC,Ariz. 2003); See Rule 16(f)(1)(B) "<u>**is substantially unprepared to participate—or does not participate in good faith**.</u>"

[2] See also *Pitman v. Brinker Intern., Inc*, 216 F.R.D. 481, 484, 485 (USDC,Ariz. 2003); See Rule 16(f)(1)(B) "<u>**is substantially unprepared to participate—or does not participate in good faith**.</u>"

[3] See also *Pitman v. Brinker Intern., Inc*, 216 F.R.D. 481, 484, 485 (USDC,Ariz. 2003); See Rule 16(f)(1)(B) "<u>**is substantially unprepared to participate—or does not participate in good faith**.</u>"

[4] See also *Pitman v. Brinker Intern., Inc*, 216 F.R.D. 481, 484, 485 (USDC,Ariz. 2003); See Rule 16(f)(1)(B) "<u>**is substantially unprepared to participate—or does not participate in good faith**.</u>"

**Affidavit** attests to the fact **O'BRIAN** offered nothing meaningful in the content of the discussion. Not a word contrary or acknowledging the content of the **Complaint;** and, That is bad faith.

For this conduct complained **Leyshon** ask the "District Court of the United States" to **Sanction** the Defendants $1000 for the total waste of **Leyshon's** time and this "District Court of the United States'" authority and any other sanctions this "District Court of the United States" finds appropriate.

My hand,

*[signature]*
Curtis Leyshon
915 N. Pine Run Rd.
Boone, North Carolina 28607
828-265-7958