IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:20-CV-00157-KDB-DCK

| | |
|---|---|
| **CURTIS EDWIN LEYSHON,**<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>**MICHAEL DUNCAN**<br>**PAM BARLOW**<br>**B. CARLTON TERRY**<br>**MATTHEW LEVCHUK,**<br><br>　　　　Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion to Vacate Dismissal Order, New Trial (Doc. No. 20). On December 22, 2020, the Court granted Defendants' Motion to Dismiss and judgment was entered dismissing this action on the same date. (Doc. Nos. 18, 19). Now, Plaintiff seeks a new trial pursuant to Fed. R. Civ. P. 59, arguing that the Court did not properly consider the legal grounds which the Court earlier found to be without merit. For the reasons discussed below, the Court will **DENY** the motion.

Rule 59(e) governs requests to "alter or amend a 'judgment,'" which is defined by Rule 54(a) as "a decree and any order from which an appeal lies." *See* Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 54(a). "Rule 59(e) is ... applicable only to a final judgment," *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991), which of course includes an order dismissing an action. A motion under Rule 59(e) must be filed no later than 28 days after the entry of the judgment. *See* Fed. R. Civ. P. 59(e).

1

The Fourth Circuit has recognized three limited grounds under which a district court may grant a motion for reconsideration under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). However, "mere disagreement with the court's ruling does not warrant a Rule 59(e) motion." *See Matter of Vulcan Constr. Materials, LLC*, 433 F. Supp. 3d 816, 819–20 (E.D. Va. 2019); *Hutchinson*, 994 F.2d at 1082. Finally, a district court's decision on a motion for reconsideration is reviewed "for abuse of discretion[,]" and the Fourth Circuit has noted that granting such a motion under Rule 59(e) "is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 402–03 (4th Cir. 1998) (internal quotations omitted).

Accordingly, Plaintiff's motion must be denied for two reasons. First, it is untimely, having been filed on January 20, 2021, 29 days after the filing of the Court's Order and Judgment of dismissal on December 22, 2020. Further, Plaintiff has not established any of the grounds necessary for the Court to grant the extraordinary remedy of altering or amending a judgment under Rule 59. Rather, he has simply reargued the same grounds the Court earlier rejected, repeatedly noting his disagreement with the Court's ruling. Plaintiff's passion for his (meritless) position is no substitute for a timely motion nor the showing required to warrant relief under Rule 59.

## ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion to Vacate Dismissal Order, New Trial (Doc. No. 20) is **DENIED; and**

2. The Clerk is directed to close this matter in accordance with this Order;

**SO ORDERED ADJUDGED AND DECREED**.

Signed: January 21, 2021

Kenneth D. Bell
United States District Judge